HARDY, Judge.
This is an appeal from a judgment dissolving a writ of attachment and awarding attorney’s fees therefor.
The reason for the judgment is set forth therein in the following words:
“The Court, after considering the pleadings, the argument of counsel, the fact that plaintiff’s surety on the supplemental bond signed the bond and affidavit thereto, but his signature was not notarized, and being of the opinion that this lack of notarization makes the bond invalid, * *
The chronology of the proceedings in the District Court is of importance in the consideration of the question here presented, and, accordingly, is set forth as follows:
1. Plaintiff’s petition, order for issuance of a writ of attachment and the original bond were filed on November 14, 1951.
2. The motion to dissolve the writ of attachment on the ground of the insufficiency of the bond was filed November 30, 1951 and rule upon plaintiff to show cause was fixed for hearing on December 7th.
3. Plaintiff tendered an additional bond which was allowed and ordered filed on December 4; 1951.
4. On hearing of the rule on December 7th defendant, through counsel, objected to the supplemental bond filed by plaintiff on December 4th on the ground that the affidavit of the surety was not notarized and moved the dismissal and dissolution of the attachment. There was judgment dissolving the writ, with damages as attorney’s fees, in the sum of $15, from which judgment plaintiff asked and was granted orders for a suspensive and devolutive appeal.
5. On December 11, 1951 plaintiff filed a motion for rehearing, together with a motion seeking the allowance of the filing of another supplemental bond, both of which motions were disallowed.
In brief, plaintiff’s counsel claims, inter alia, that the District Judge erred in refusing to permit the filing of the supplemental or additional bond which was tendered on December 11, 1951 within four days after the rendering of judgment on December 7th, in accordance with the provisions of LSA-R.S. 13:4572 et seq.
The pertinent provisions of the appropriate articles of Title 13 of the LSA-Revised Statutes may be summarized as follows:
Section 4572. A litigant may correct an insufficient bond by furnishing a new or additional bond which shall have the same effect as if it had been furnished in the original bond and had been filed on the date of the filing thereof.
Section 4573. A party litigant may furnish a new or supplemental or additional *380 bond at any time prior to judgment if he has been served with notice of a claim of insufficiency by the adverse party.
The concluding provisions of Section 4573 read specifically as follows:
“Should any bond be declared invalid for any reason whatsoever, the party furnishing such bond may, within four, judicial. days thereafter, furnish a new bond. Should this new bond be found to be defective in any respect whatever, or the surety or sureties insufficient, the person furnishing such new bond shall not thereafter be entitled to furnish any additional bond.” (Emphasis supplied.)
Inasmuch as we have not been favored with a brief by .counsel for defendant, we are uncertain as to the arguments which might be made in oppoáition to those advanced by counsel for plaintiff. However, we assume that it would be contended on behalf of defendant that the first part of Section 4573 must be construed as a method of procedure which, if exercised, excludes any other means of effecting a correction. We do not think this construction and interpretation is warranted.
In our opinion Article 4573 provides two separate and distinct methods for the exercise of the right to correct a bond; the first method, which is purely voluntary on the part of a party litigant, may be exercised at any time prior to judgment after service of notice by an adverse party of a claim of insufficiency in a bond. The second method of procedure is applicable after a declaration of invalidity, that is, after a judgment which pronounces a bond to be insufficient or incorrect, defective either as to form or substance.
' In the instant case the judgment, the declaration of invalidity, was rendered on December 7, 1951. The reason was set forth in the judgment and is quoted supra. It is to be noted that this reason was not applicable to the original bond or to the objection raised thereto', the insufficiency in amount thereof, but was directed to the incorrectness of the, supplemental bond which had been voluntarily tendered by the plaintiff. Under the plain and unambiguous provision of the Section the plaintiff was granted the right to furnish a new and sufficient bond within four judicial days after the pronouncement of invalidity, which right he exercised.
It appears to us that this case tenders a perfect example of the proper exercise of the rights of a party litigant in effecting a correction of a defective bond. The sufficiency of the original bond was challenged by the defendant; plaintiff was put on notice of such claim of insufficiency and notice was served upon him, whereupon he tendered and filed the supplemental bond. Parenthetically we call attention to the fact that on the hearing of the' rule to show cause on December 7th there was no judicial pronouncement with respect to the insufficiency of the original bond. But, upon hearing of the rule, defendant challenged: the correctness of the supplemental bond which had been’ filed by plaintiff and the judgment of the court was responsive to this objection. Under the plain provision of the statute, plaintiff was within his rights in tendering a supplemental and additional bond for the purpose of correcting the error and should have been permitted to file such bond, which was timely offered within the period of four days after the judicial declaration of invalidity.
Since this holding determines the issue presented, we pretermit discussion of other propositions advanced on behalf of plaintiff.
For the reasons assigned the judgment appealed from is annulled and set aside and there is now judgment maintaining the writ of attachment issued herein. It is further ordered that this case be remanded for further proceedings. Costs of appeal are taxed against defendant.